COSTER and others *vs.* THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF ALBANY.

By an act of the legislature, passed in 1866, entitled "An act to improve the
Albany basin, and to provide the means therefor," it was provided that cer-
tain improvements should be made in the Albany basin, by the contracting
board, under the direction of the canal board. It was provided, by the
sixth section, that the state should not be liable for *any damage to property*
caused by the making of such improvements, but *if any claim should arise,* the
same should be paid by the city of Albany; and that said city, before the
work was commenced, should give their assent to assuming such liability,
and should file with the canal board an obligation assuming all such liability,
and indemnifying the state against the same. The seventh section provided
that the expense incurred under said act should not exceed the sum of
$30,000, to be paid by the state. The city gave its assent to said act, and
filed the bond or obligation required by it.

*Held* 1. That the sum of $30,000, which was to be paid by the state, necessarily
embraced all ordinary expenses of the improvements, including the payment
of money for lands which might be appropriated in carrying out the enter-
prise; and that the sixth section was designed to include damages and inju-
ries to property which were not comprehended in the other provisions of the
act, and within the section of the Revised Statutes, relating to the assessment
by appraisers, of damages for lands taken.

2. That the damages for taking the land came under the general statute, and
the state was, by the seventh section, to pay for these; and the provision in
the sixth section, in respect to "any damage," included all other injuries
beyond them.

3. That the act was designed to embrace something more than the value of the
land; and while it might be questionable whether it comprehended an
injury arising from the loss of an easement, as being too remote, and as not
naturally and necessarily proceeding from the improvement itself, yet that
any actual damage proved, resulting injuriously to the rights of individuals,
could be recovered in an action against the city. HOGEBOOM, J. dissented.

APPEAL from an order made at a special term, sustain-
ing a demurrer to the plaintiffs' complaint.

The complaint alleged that the plaintiffs were the owners
of lot number 122 on the Albany pier, and the building
erected thereon, &c. and that the defendants are a municipal
corporation, duly organized under the laws of this state.
That by virtue of an act of the legislature of the state of
New York, entitled "An act to improve the Albany basin

Coster *v.* Mayor, &c. of Albany.

in the city of Albany, and to provide the means therefor," passed April 11, 1866, the public authorities, authorized by said act, proceeded to make changes in the Albany basin lying between said lot and Quay street, in said city, and cut away and removed that portion of the Albany pier lying adjoining to, and south of, said lot, and in so doing undermined the foundation of the building standing on said lot and made it so insecure that it became necessary to expend, and the said plaintiffs did expend, in making the necessary repairs thereto, the sum of $364.24, and that such expenditure was made after consultation with the mayor of the city of Albany, and with his sanction and approbation and direction. That said public authorities, in making the said improvement under said act, removed the bridge which connected the south end of the said pier with the said city of Albany and cut off all communication, by land, with the shore at the south end of said pier, the only means of communication with the shore left to the occupant of said lot being by the State street bridge on the north, at a distance far removed from said lot, said lot being at the southern extremity of said pier, and that the value of said lot was greatly depreciated thereby, and the more because of the narrowness of the roadway on said pier and the difficulty of turning around with a team, and because no vessels can now lie there as formerly, before the lots south of it were cut away; and the plaintiffs aver that the depreciation in the value of said lot caused thereby is $3000, and that they have sustained damages to that amount. That by an obligation, filed with the canal board of this state, since the passing of said act, and before the making of the improvement thereunder, a copy of which, and of the resolutions authorizing it, was annexed and made a part thereof, the defendants assumed to pay all the damages caused to property by the making of the improvement under said act, and are liable to pay to the plaintiffs the expenses incurred and money expended as above

stated, and also the damages sustained for depreciation of value, as above set forth. That the claim in the complaint mentioned was, on the 18th day of February, 1867, presented for payment to the chamberlain of the defendants, he being the chief fiscal officer of the corporation, and has not been paid. Wherefore, the plaintiffs demanded judgment for $364.24, and interest since 1st September, 1866, and also for $3000 damages, together with the costs of the action.

The defendants demurred to the complaint, on the grounds: 1st. That the said complaint does not state facts sufficient to constitute a cause of action. 2d. That the court has no jurisdiction of the subject of the action.

The cause was heard at a special term held at Albany on the 28th of May, 1867, and judgment was rendered for the defendants, on the demurrer, with leave to the plaintiffs to amend on payment of costs. From this order the plaintiffs appealed to the general term of the court.

*A. J. Parker*, for the plaintiffs, appellants.

*W. H. Greene*, for the defendants, respondents.

*By the Court*, MILLER, J. The question to be determined in this case arises as to the construction to be given to the sixth section of the act for the improvement of the Albany basin. (*Laws of* 1866, *vol.* 1, *p.* 1109.) By that act the contracting board were authorized, under the direction of the canal board, to enlarge the openings at the north and south ends of the basin, as proposed and laid down on a map mentioned in the first section of the act. The sixth section provided that the state should "not be liable for any damage to any property, caused by the making of such improvements, but if any claim shall arise, the same shall be paid by the city of Albany; and said city, before such work is commenced, shall give their

Coster *v.* Mayor, &c. of Albany.

assent to assuming such liability and indemnifying the state against the same.

The object of the section in question was to improve the Albany basin; but the expense incurred under the act, which the state was bound to pay, was not to exceed the sum of $35,000. It would seem that this sum, which was to be paid by the state, would necessarily embrace all ordinary expenses which the proposed improvement rendered proper, including the payment of money for lands which might be appropriated in carrying out the enterprise. And I think that the sixth section was designed to include damages and injuries to property which were not comprehended in the other provisions of the act, and within the section of the Revised Statutes where damages for lands taken are especially provided for, and are to be assessed by appraisers appointed for that purpose, (1 *R. S. 5th ed.* 594, § 82,) and to be paid by the canal commissioners. (1 *R. S. 5th ed.* 596, § 96.)

The sixth section of the act of 1866 is somewhat broader in its terms, and, as is conceded, the expression "any damage to any property caused by the making of such improvement," is quite comprehensive and significant. It is not restricted to damages for land taken, which are provided for by statute; nor is it confined to any specified kind of damages. If this section was intended merely to provide for a deficiency in carrying out the work by the state, after $35,000 had been expended, then it would have been, doubtless, so expressed specifically. The damages arising from taking the land, came under the general statute, and the state was to pay for these, as provided in the seventh section of the act. As these were provided for, the provision of the sixth section, embracing "any damage," included all other injuries beyond them. If the sixth section was not designed to include damages other than for land taken, then there would appear to be no necessity for its enactment in that form. By the

Coster v. Mayor, &c. of Albany.

seventh section, the state was liable to the extent named for such ordinary damages as were provided for by law; and if the sixth section was not intended to comprehend damages beyond the value of the land appropriated, then, certainly, there was no occasion to incorporate such a provision in the act. As no exception is made, and no qualification or restriction placed upon the kind of damages, and as the section does not specify and limit the damages for land appropriated, it is evident that the legislature meant *any and all damages* which would naturally arise and directly follow the contemplated improvement; not remote and contingent or speculative damages, which, by possibility, might occur, but such as would be fairly created as a direct consequence of it. When, then, the statute provides that "if any claim shall arise," I think it means a claim for any damage " to property" which may be caused by such improvement. And it makes such a claim a valid and a legal claim. I do not well see how effect can be given to every part of the statute in question, and its provisions be properly carried out, with any other interpretation.

The construction which I have placed upon the sixth section of the act in question is also supported, I think, by several acts of the legislature which have been passed in reference to improvements to be made in the Albany pier and basin, where special provisions are incorporated for the payment of damages beyond the mere value of the land. A brief reference to some of these acts may not be inappropriate. The fourth section of the "act to improve the navigation of the Albany basin," (*Laws of* 1835, *chap.* 163, *p.* 171,) provides that all "such damages as the owner of any property taken, or in any manner *injured* or affected by any of the improvements contemplated," shall be assigned to the owner. The second section of chapter 139, Laws of 1836, page 87, an act of a similar character, provides for the assignment of damages sustained by the

Coster *v.* Mayor, &c. of Albany.

owner or owners of any property taken, or in any way injured in its value. (*See also* § 7 *of the same act.*) Section three of chapter 113, Laws of 1841, also provides for the assessment of damages for property taken, or *in any manner injured.* Section two of chapter 429, Laws of 1849, contains a similar provision. These enactments indicate very distinctly that the legislature has, at times, made provision for other damages besides the value of land actually taken and appropriated, and furnish strong grounds to believe that such was their intention, by the enactment of the sixth section of the act of 1866.

It is suggested that the case at bar is not distinguishable from that of *Radcliffe* v. *The Mayor of Brooklyn,* (4 *N. Y. Rep.* 193,) where it was decided that where a municipal corporation, under a rightful authority contained in its charter, grades and levels a street, an action will lie by an adjoining owner, whose lands are not actually taken, for consequential damages to his premises, there being no want of skill in the execution of the work, and no provision in the charter for the payment of damages of that kind. The case cited bears no analogy to the one now considered, and was decided, in part, if not entirely, upon the ground that the law made no provision for the payment of consequential damages. Here the statute has made provision which cannot, I think, be considered otherwise than as applicable to the facts presented, and which embrace at least some portion, if not all, of the damages claimed by the plaintiffs in their complaint. The legislature has deemed it proper to provide for a certain class of injuries, while in the case cited the assessment of damages, under the law, was expressly limited to cases where land was taken for the street. Benefits were to be deducted, but damages were to be allowed for land taken. (*Laws of* 1833, *p.* 444, § 2.) After a careful examination, I think that the case cited presents no difficulty to a recovery in this action.

While there is much force in some of the positions taken by the defendants' counsel, as applicable to the general law for damages in similar cases, yet I think they are not available when the statute makes direct provision for damages besides those which may arise from the appropriation of land for a public improvement.

It cannot be doubted that the legislature has a perfect right to add to the measure of damages primarily allotted in such cases; and where it does so, in plain and clear language, there should be no hesitation in carrying out the law. In the present case it is, to my mind, very clear that the act in question was designed to embrace something more than the value of land; and while it may perhaps be questionable whether it comprehends an injury arising from loss of an easement, as being too remote, and as not naturally and necessarily proceeding from the improvement itself, I am inclined to think, without passing upon the question as to the actual extent of damages provided for, that any actual damage proved, resulting injuriously to the plaintiffs' rights, can be recovered in this action. At least one of the causes of action alleged in the plaintiffs' complaint, is maintainable, and the plaintiffs are, therefore, entitled to judgment on the demurrer.

The order of the special term must, therefore, be reversed, with costs of appeal, and with leave to the defendants to answer upon the usual terms.

HOGEBOOM, J. dissented.

[ALBANY GENERAL TERM, September 16, 1867. *Miller, Hogeboom* and *Ingalls,* Justices.]