5L 293
20ap296

JOSEPH M. FRENCH, Respondent, v. SAMUEL DONALDSON, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

The liability of a canal contractor for negligence in repairing a bridge, held not to be affected by the appointment by the canal board of a superintendent for the same section, who gave directions for repairs to the same bridge, which were followed by the contractor.

Nor because his contract was to be performed as required by the canal commissioners.

Bridges erected over the canals, in continuation of streets and highways, held to be within the provisions of the contract for repairs.

The question of negligence on the part of one seeking to enforce the contractor's liability, is for the jury.

So also the question as to what repairs are requisite; and where the superintendent, who had examined the bridge and directed repairs, was asked as a witness whether he had ordered all the repairs which he deemed necessary,—*Held*, that the question was improper, as calling for evidence tending to take that question from the jury, and to relieve the contractor from liability.

THIS is an appeal from a judgment rendered on the verdict of a jury at the Schenectady Circuit, in May, 1870. The action was brought to recover the value of horses killed by the falling of a highway bridge over the Erie canal in Schenectady. The defendant entered into a contract with the people of the State to keep superintendent section No. 2 of the Erie canal in good repair, including the bridges thereon, for three years from March 1, 1869. The bridge in question, known as " Frog Alley " bridge, was embraced within said section. On the 26th day of October, 1869, the plaintiff, by his servants, was driving, along the highway and over the bridge in question, a number of horses and mules, when the bridge broke, precipitating some of them into the canal. Three of the horses and two of the

mules were thereby killed. On the trial, two questions of fact were contested : 1st. Whether the bridge broke in consequence of the negligence of the defendant. 2d. Whether the plaintiff's negligence contributed thereto. The evidence on these questions was conflicting. The defendant's counsel moved for a dismissal of the complaint, and for a nonsuit, and requested the court to make certain rulings as to the law applicable to the case, which, so far as they were pressed upon the argument, and so far as they are material, are stated and discussed in the opinion. The motion and requests were all refused by the judge, and exceptions duly taken. An objection was also made to evidence, and the same was excluded, and an exception taken, which also appears in the opinion.

The jury rendered a verdict for $750. Judgment upon the verdict was entered for the plaintiff, and the defendant appealed from the judgment.

*F. Fish*, for the appellant.

*J. S. Landon*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court — MILLER, P. J. This action was brought to recover damages for the negligence of the defendant, as a canal contractor, in not keeping in repair a bridge on the canal, which fell and caused the injury complained of. The liability of a contractor for injuries caused by his neglect to perform his duty is settled by the adjudications of the Court of Appeals, in *Robinson* v. *Chamberlain* (34 N. Y., 389); *Fulton Insurance Company* v. *Baldwin* (37 id., 648).

An attempted distinction is sought to be made between the cases cited and the one at bar ; and it is insisted by the defendant's counsel that the canal board had appointed a superintendent on this section of the canal, which excluded the contractor from assuming and exercising any official duties or responsibilities. The evidence shows that the superintendent

did direct the defendant to make repairs, and that the repairs were made according to the directions thus given.   Did this act divest the defendant of the responsibility which otherwise was imposed upon him, and take away from him the powers with which he was otherwise invested, and in the exercise of which he would be liable for a neglect of duty?   We have not been referred to any statute or authority which sustains the principle contended for.   The contract provides that the work "shall be performed under the *immediate direction* of the canal commissioner in charge, and at such times and seasons, at such places in the work and in such manner as the canal commissioner shall direct;" but in a case where the superintendent of repairs was prosecuted and held liable for injuries caused by his neglect of duty, it was held that the provisions of the statute (2 R. S., 236, §§ 100, 101), which required that he should perform his duty " under the direction of the canal commissioners," in keeping the canal in repair, meant that he should be under the general direction of the commissioners, and that he should follow their instruc tions, if any were given, as to the extent and manner of making repairs and the mode of discharging his duty. (*Adsit* v. *Brady*, 4 Hill, 630.   See, also, *Conroy* v. *Gale* (*post* p. 344), where the same question is discussed.)

According to the decision of the Court of Appeals in 34 and 37 New York (*supra*), the contractor, under the statutes of 1854, 1855 and 1857, was invested with many of the powers of the superintendent; and, when he assumed the duties imposed by his contract, he made himself liable for all injuries caused by his negligence.   He stands, therefore, in the place of that officer; and the fact that the superintendent gave directions as to the work to be done by the defendant does not, in my opinion, alter the case or lessen the responsibility of the contractor.   The authorities cited show that neither the superintendent nor the canal commissioners have the power, by their interference, to relieve the contractor from the liability incurred by the agreement entered into by him with the State.   It is no excuse to the contractor that he did

not perform the work properly because the one or the other of these officially gave directions, and the contractor was not, by reason thereof, relieved from the exercise of his discretion or exonerated from the obligation to perform his duty.

These remarks also apply to the question made, that there was no absolute agreement on the part of the contractor to keep the bridge or any part of the canal in repair, and that it was to be done as required by the canal commissioner. (See opinion, *Conroy* v. *Gale* (*post* p. 344), where this question is also discussed.)

If the views expressed are correct, it follows that there was no error on the trial in refusing the motion for a nonsuit upon any of the grounds covered by the discussion already had.

It is further urged, that the bridge in question was not one of the structures covered by the contract between the defendant and the State. The contract required the defendant " to furnish and keep on hand all materials * * and perform all the labor necessary to put and keep in repair " the said section. By an act to amend the act of 1857, every contract made under the provisions of said act, and the act amended, binds the contractor to put and keep the bridges on the section of the canal embraced in the contract in repair, and to maintain the same during the existence of the contract. (Session Laws of 1867, chap. 577, § 3, p. 1542.) The canal commissioners are also required to construct and maintain, at the public expense, road and street bridges over the canal wherever constructed. (Laws of 1840, chap. 372, § 1; id., 1857, chap. 105, § 4; id., 1868, index, " canal bridges.") The bridges connected with streets and roads, which, necessarily, must comprise most of the bridges over the canal, are clearly provided for by the law, and come within the provisions of the contract for repairs.

It is further urged, that the plaintiff was guilty of negligence in overloading the bridge, and, therefore, cannot recover. Whether the horses were too near together, and the weight too heavy on the bridge, or whether they were allowed to pass over it in an improper or unusual manner, or what was

French *v.* Donaldson.

the sustaining capacity and strength of the bridge, were ques tions of fact for the jury; and I am not prepared to say that it was so entirely clear that the plaintiff was chargeable with negligence which contributed to the injury that the court was bound to hold that, as a matter of law, the plaintiff was not entitled to recover.

Nor was there error on the trial in the refusal of the judge to hold that, as a matter of law, the defendant should not be held liable for any defect in the bridge that was not visible or that he could not have seen before the breaking of the bridge. A proper examination and exercise of skill may be the means of discovering hidden defects not visible to the naked eye; and tests may be employed which will develop innate rotten-ness and decay, as effectually as if they were not concealed. These should be resorted to when the exigency of the case demands it and I think a person having the charge of public structures of this character should not be allowed to evade responsibility because they fail to use such scientific tests as are usually and ordinarily employed, and as the circumstances may require. But all this was for the jury, and not a ques-tion of law alone.

The question put to the witness Vedder, who was a super-intendent of repairs for the section, and who had examined the bridge and gave directions to the defendant, as a con-tractor, what repairs to make, which was as follows: "Did you order all the repairs to be done that, in your opinion, you deemed necessary and proper?" was properly excluded. It called for an opinion of the witness as to what repairs were required, which was a question of fact for the jury. It also tended to relieve the defendant from liability, by reason of the witness being a superintendent and directing the work, which, as we have already seen, is no protection to him against negligence.

No other questions are raised which require examination; and, upon the whole, I think there was no error upon the trial, and that the judgment should be affirmed, with costs.

Judgment affirmed.