O’Gormah, J.
This is an appeal from a judgment in favor of the plaintiff for $141, entered on a verdict under direction of the court below.
In March, 1883, the plaintiff entered into a written agreement with Albert M. Palmer for the lease by him to the plaintiff of the “ Union Square theatre ” for three weeks, to begin on Monday, August 20, 1883, at the rent of $1,600 for the first two weeks and $1,800 for the third week, the rent to be paid on Monday in each week.
It was also agreed that the plaintiff, on signing the contract, should pay to Palmer $1,000, to be applied to the payment of rent for the last week; but in case of failure of the plaintiff to fully perform any of the conditions of the agreement the $1,000 were not to be applied towards the payment of any rent, but were to be forfeited to Palmer for his own use and benefit and taken and considered as and for liquidated damages paid by the lessee Perzell to Palmer. This money ($1,000) was actually paid by the plaintiff to Palmer on the execution of the contract. Soon afterwards, the defendants succeeded to the rights and obligations of Palmer under the contract.
On Monday, August 20th, the rent for the first week was duly paid in advance, and plaintiff proceeded to give representations in the theatre. The enterprise was not successful—the business was very bad and money came in slowly. The employee of the defendant who was in charge of the box office, and received money for tickets sold, retained and refused to pay over to the agent of the plaintiff the money received for the performances of Friday night, Saturday matinee and Saturday night, amounting to $326, and when plaintiff applied to defendants for the money on Saturday-night the defendants refused to pay it over to the plaintiff, and said “they meant to keep it.” Plaintiff thereupon said “you have broken your contract,” and that if he did not *698 get his money from them he would not give any more performances in the theatre.
In the conversation with them at that interview he also said that he was not immediately prepared to pay, and he submitted to the defendants a written memorandum of a new agreement which he desired them to execute. They never did execute this proposed agreement.
The plaintiff did not pay the rent payable in advance on the following Monday, or any further rent, and he ceased to use the theatre.
On these facts the plaintiff claims that the defendants refusal to pay over to him the proceeds of the three performances, before any rent was due by him, amounted to an eviction, or a breach of the contract, giving him the right to recover the money so retained by defendants, together with the $1,000 deposited by him, on the execution of the contract, amounting in all to $1,326.
The defendants, on the other hand, claim that the contract was first violated by the plaintiff in his failure to pay the rent due in advance on Monday, August 27th, and that they are entitled to retain the $1,000, and also to have judgment against the plaintiff for $3,729.22, being the amount which would have accrued due under the contract for the second and third weeks rent, together with the amounts of certain claims for services admitted to be due by plaintiff -and assigned to defendants.
The trial judge in directing a verdict for the plaintiff for :$141, being the money of the plaintiff retained by defendants, less the amount of said claims, was, no doubt, of opinion that the contract was first violated by the plaintiff in his failure to pay rent accruing due in advance under the contract, and that the $1,000 deposited should be regarded as liquidated damages and as covering all claims against "the plaintiff by reason of the breach of contract. In this opinion I think he was correct.
The retention by defendants of the money of the plaintiff received by them was, no doubt, without authority or jurisdiction in law; but it did not constitute either an eviction •or a breach of the contract.
Exceptions were taken by the learned counsel for the defendants to the exclusion of various questions, which he states in his brief were put, for the purpose, among others, of showing that the parties to the contract never intended that the $1,000 should be considered to be liquidated damages. Some of these questions were answered at other stages of the trial. None seem to me material or relevant .on the question of the intent of the parties when they executed the contract. On that subject the contract must first speak for itself.
*699 In cases where contracts are ambiguous or contain severe and inequitable provisions embarrassmentihas been no doubt experienced in the effort to reconcile the principles of justice with the well settled rule that every person has the right to make such a contract as he chooses, and that com'ts are bound to enforce it. In such cases the actual intention of the parties maybe ascertained from the language of the entire contract itself, and, also, from the surrounding circmnstances, as far as that can be reasonably done. Little v. Banks, 85 N. Y., 266; Kemper v. Knickerbocker Co., 69 id., 38.
In the case at bar, the language of the contract itself is not ambiguous, and is susceptible of no interpretation other than that given to it by the learned trial judge.
The circumstances of the parties, when the contract was made, were before the court, and. it woxxld be dangerous and improper to allow either of the parties themselves, after a breach of the contract had taken place, to give his own interpretation of its meaning and intention.
The judgment appealed from should be affirmed, with costs, and the order appealed from shoxxld be affirmed.