*504 By the Court.
—O’Gorman, J.
—[After stating the facts.]—On these facts, the plaintiff claims that the defendants’ refusal to pay over to him the proceeds of the three performances, before any rent was due by him, amounted to an eviction or a breach of the contract, giving him the right to recover the money so retained by defendants, together with the $1,000 deposited by him, on the execution of the contract, amounting in all to $1,326.
The defendants, on the other hand, claim that the contract was first violated by the plaintiff in his failure to pay his rent, due in advance on Monday, August 27, and that they are entitled to retain the $1,000, and also to have judgment against the plaintiff for $3,729.22 being the amount which would. have accrued under the contract, for the second and third weeks’ rent, together with the amount of certain claims for services admitted to be due by plaintiff, and assigned to defendants.
The trial judge, in directing a verdict for the plaintiff for $141, being the money of the plaintiff retained by defendants, less the amount of said claims, was, no doubt, of opinion that the contract was first violated by the plaintiff, in his failure to pay rent accruing due in advance under the contract, and that the $1,000 deposited should be regarded as liquidated damages, and as covering all claims against the plaintiff by reason of the breach of ■the contract. In this opinion I think he was correct.
The retention ■ by defendants of the money of the plaintiff received by them, was, no doubt without authority or justification in law, but it did not constitute either an eviction or a breach of the contract.
Exceptions were taken by the learned counsel for the defendants to the exclusion of various questions, which he claims were put, for the purpose, among others, of showing that the parties to the contract never intended that the $1,000 should be considered to be liquidated'damages. Some of these questions were answered at other stages of the trial. None seem to me material or relevant *505 on the question of the intent of the parties when they executed the contract. On that subject the contract must first speak for itself.
In cases where contracts are ambiguous or contain severe and inequitable provisions, embarrassment has been no doubt experienced, in the effort to reconcile the principles of justices with the well settled rule that every person has the right to make such a contract as he chooses, and that courts are bound to enforce it. In such cases the actual intention of the parties may be ascertained from the language of the entire contract itself, and also from the surrounding circumstances, as far as that can be reasonably done (Little v. Banks, 85 N. Y. 258 ; Kemp v. Knickerbocker Co., 69 Ib. 45).
In the case at bar, the language of the contract itself is not ambiguous, and is susceptible of no interpretation other than that given to it by the learned trial judge. The circumstances of the parties, when the contract was made, were before the court and it would be dangerous and improper to allow either of the parties ¡themselves, after a breach of the contract had taken place, to give his own interpretation of its meaning and intention.
The judgment appealed from should be affirmed, with costs and the order appealed from should be affirmed.
Sedgwick, Oh. J., concurred.