HOGAN *v.* BURTON.

*(Supreme Court, General Term, Fourth Department.* November, 1889.)

CONTRACTS—PERFORMANCE—TENDER—EXTENSION OF TIME.

   Where plaintiff tenders performance of a contract, and demands performance by defendant, and states that it would be satisfactory if defendant closed the matter up in a few days, but immediately afterwards again tenders performance, there is no such extension of time as involves either a withdrawal of plaintiff's tender or waiver of defendant's default.

Appeal from circuit court, Onondaga county.

Action by Thomas Hogan against Wilmot E. Burton, for breach of contract. There was judgment for plaintiff, from which, and from a denial of his motion for a new trial on the minutes, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. C. Fowler,* for appellant. *Hogan & Stearn,* for respondent.

MARTIN, J. On the 2d day of October, 1886, the plaintiff was the owner of premises on Gertrude street; Edward H. Ryan owned premises on Taylor street; and William P. Kelly owned a house and lot on Warren street,—all in the city of Syracuse, N. Y. The defendant was a real-estate broker, and had all the pieces of real estate mentioned in his hands for sale or exchange. On the day named the plaintiff conveyed the premises on Gertrude street to Ryan, and Ryan conveyed the Taylor-Street property to the plaintiff. This exchange was made by the plaintiff at the defendant's request, and upon the express condition that the defendant would within two months deliver to the plaintiff a deed of the Kelly house and lot, subject only to a mortgage for $4,600; the plaintiff to give a deed of the Taylor-Street premises, subject to the existing liens at that date. In case of the defendant's failure to deliver the deed of the Kelly property, he was to pay the plaintiff $1,200 for his equity in the Taylor-Street premises, and the plaintiff was to deed them to the defendant subject to the incumbrances existing thereon as plaintiff received them from Ryan; the plaintiff to receive $1,200 for said premises, free of all commissions and expenses. It was also agreed that, in case the defendant failed to perform, the plaintiff should be entitled to recover the sum of $500 as liquidated damages. This contract was in writing, and signed and sealed by the parties. No action under this contract was taken by either party until December 2, 1886, when the plaintiff went to defendant's office. As to what transpired between the parties at that time there was a conflict in the evidence. The plaintiff testified that he said to the defendant: "'Mr. Burton, I came here to perform the contract which I have with you, and I have a deed of the Taylor-Street premises, and I wish that you would perform your part of the contract, and pay me twelve hundred dollars, or give me the Warren-Street property.' * * * I told him that I did not think it was incumbent upon me to make any tender of the deed of the Taylor-Street property, but, in order to be sure, I had procured the deed to be executed, and that I then tendered him the deed of that property; that I came there for the purpose of performing my contract; and that I desired to do everything that was necessary to be done under the contract. I handed him the deed, * * * and he took it in his hand, and examined it, and returned it to me, and said he would call in a few days and see me, and close it up; that he was short of money; that he didn't have any money just then. I told him that I wished that he would do that; that I wanted to use the money; but that if he called and saw me in a few days that would be satisfactory. * * * Afterwards Burton said he was short of money then, but that he would have it; that he

would call and see me, and close it up in a few days. I told him then that I was there to complete my part of the contract to-day,—all that was necessary for me to have done,—and that I made him this tender." The defendant's evidence as to what transpired between the parties at that time was essentially different. The jury found with the plaintiff. Therefore, in examining the questions involved in this case, we must assume that the evidence of the plaintiff, as to what occurred between the parties at that time, is correct. After the transaction which occurred between the parties at the defendant's office on December 2, 1886, nothing was done by the defendant towards the fulfillment of the contract. On the 15th day of December, 1886, the plaintiff wrote to the defendant that he had waited several days beyond the time asked; that he wanted to use the money very much, and would like the matter settled that day. The next day the defendant replied by letter, in which he stated the efforts he had made to secure the Warren-Street property, and that he had failed to secure it. On the same day or the day following the plaintiff again wrote the defendant, stating that he did not want the Kelly property. All he wished was that the defendant would carry out his contract, and that he should insist upon that being done at once. This action was then commenced to recover the sum of $500 as liquidated damages for the defendant's failure to perform the said contract. The defendant claims that the covenants between the parties were mutual, and that the plaintiff could not maintain this action until he had tendered a performance of his part of the agreement; that no such tender was made; and hence the recovery in this action was unauthorized. We think it must be admitted that the agreement between the parties was mutual, and, unless the plaintiff tendered a performance of his part of the agreement, this action could not be maintained. Therefore the question whether such tender was made became an important one, and was in fact the principal question litigated on the trial. As we have already seen, the evidence of the plaintiff was to the effect that such tender was made, while the evidence of the defendant tended to show that there was no such tender. That question was properly submitted to the jury. The verdict was adverse to the defendant. We think the evidence justified the verdict, and that the finding of the jury upon that question should be regarded as final.

But the appellant contends that, upon the plaintiff's own showing, there was an extension of the time for the performance of this contract which effected a withdrawal of the plaintiff's tender of performance, and hence a second tender was necessary before this action could be maintained. We do not think so. The evidence of the plaintiff was, that there was in fact no postponement of the time when the contract was to be performed. The plaintiff insisted to the end in tendering performance upon his part, thus placing the defendant in default. The plaintiff did not withdraw his tender. It is true the plaintiff said it would be satisfactory if the defendant called and closed the matter up in a few days. It will, however, be observed that after this statement was made the plaintiff still insisted that he was there to complete his part of the contract on that day, and to do all that was necessary to fulfill the contract on his part, and that he then made a tender of the deed. In the light of this evidence, we do not think it can be held that there was such an extension of the time for the performance of this contract, as involved either a withdrawal of the tender made by the plaintiff, or a waiver by the plaintiff of the defendant's default. The only extension given was upon the sole condition that the defendant should close the matter in a few days. As that condition was not performed, although the plaintiff twice demanded its performance, the plaintiff's tender remained good, and the defendant's default was complete when this action was commenced.

We think the deed tendered was in compliance with the terms of the contract between the parties, and that no tender to the plaintiff of commissions was necessary to place the defendant in default. We are also of the opinion

that the court properly held that the sum of $500, expressed in the contract as liquidated damages, was not in the nature of a penalty. The intention of the parties, as indicated by the language employed in the contract, the nature of the transaction between them, and the circumstances attending it, all tended to sustain the conclusion that the sum expressed in such contract was intended as liquidated damages, and not as a penalty. The question was one of the intent of the parties, as evinced by the entire agreement, construed in the light of the circumstances under which it was made. *Kemp* v. *Ice Co.*, 69 N. Y. 58; *Little* v. *Banks*, 85 N. Y. 266. We have examined the other exceptions in the case, but have found none that would seem to justify a reversal of the judgment. We think the verdict was sustained by the evidence, and that the judgment should be affirmed. Judgment and order affirmed, with costs. All concur.