Frank A. Q-tjlotta, J.
This is a motion under rule 106 of the Rules of Civil Practice, to dismiss as legally insufficient, a complaint containing five causes of action.
Plaintiffs and defendants are the sole individual stockholders and officers of Westbury Park Industries, Inc., and Montrose Design, Inc.
The first cause of action is based on an agreement between Westbury Park Industries, Inc., and the Town of Oyster Bay in which the former agreed to dedicate a street. Plaintiffs, claiming to be beneficiaries of that contract by reason of their individual ownership of interior land having frontage on that street, sue as third-party beneficiaries to enforce the contract.
The second cause of action asks that defendants be enjoined from interfering with plaintiffs’ offering a corporate deed of dedication of the roadway. The third, fourth and fifth causes of action seek an accounting for unlawful diversion of funds of both corporations.
Neither corporation is a party to .the lawsuit, although the last three causes are obviously brought on their behalf as derivative stockholders suits, and they are necessary parties. However, modern practice docs not require dismissal for this reason unless the party ordered fails to bring in an indispensable party within a reasonable period after an order to do so. (Civ. Prac. Act, §§ 192, 193.) A purely formal demand on the corporation to sue is not a necessary prerequisite where the facts to show its futility are alleged. (Guttman v. Conda Co., 249 App. Div. 621.)
Defendants’ position that causes of action on behalf of a stockholder as an individual and in behalf of the corporation may not be joined is not sound, for while it was so held in 1915, in Brock v. Poor (216 N. Y. 387), the extensive amendments since that .time which are now incorporated in section 258 of the Civil Practice Act, have rendered this decision inapposite. (See 2 Carmondy-W ait, New York Practice, p. 432, note 18.)
To the defendants’ argument that the first and second causes are insufficient because there is no privity between .the parties and that plaintiffs arc at most incidental beneficiaries whom there was no intention by the parties to the contract to benefit, plaintiffs respond that they are not suing on that contract (although .the complaint says that they are) but on a different oral contract made at the time the roadway was conveyed to Westbury Park Industries, Inc.
*913 These arguments in this court’s view confuse a number of concepts. The privity we are concerned with is not privity in general, but specifically a bond between .the promisee (Town of Oyster Bay) and the alleged beneficiary of the promise (the plaintiffs). If we had to find privity between the beneficiary and the promissor (Westbury) there would be no such thing as a third-party beneficiary action.
In abandoning the idea of a third-party suit as they have done on this motion, plaintiffs concede too much too soon. There is established law to the effect that contractors with the State, who assume for a consideration received from the State, by covenant express or implied, to do certain things, are liable, in case of neglect to perform such covenant, in a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance. (Conrad v. Trustees of Village of Ithaca, 16 N. Y. 158 [1857]; West v. Trustees of Village of Brockport, 16 N. Y. 161, note [1857]; Robinson v. Chamberlain, 34 N. Y. 389 [1866]; Little v. Banks, 85 N. Y. 258 [1881]; Seaver v. Ransom, 224 N. Y. 233, 238 [1918].)
By analogy to this rule prevailing in cases of contracts entered into with the State for the benefit of its citizens, citizens have been permitted to enforce promises to municipal and quasi-municipal corporations for the benefit of their inhabitants. (See the many cases illustrative of this point cited in New York Law of Contracts, § 784, p. 1163, note 28.)
This discussion demonstrates that this complaint is susceptible to a motion to separately state and number, as well as to a motion to stay the action until necessary parties are added, but as to the specific motion before the court, it is not wanting and therefore this motion is denied.